UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FIREBAUGH CANAL WATER DISTRICT, et al., | ) ) ) | 1:88-cv-00634   OWW DLB<br>1:91-cv-00048   OWW DLB<br>1:92-cv-05554   OWW |
| Plaintiffs, | ) ) | ORDER ON PLAINTIFFS' MOTION |
| v. | ) ) | FOR RECONSIDERATION (DOC. 949) AND SETTING DEADLINE |
| UNITED STATES OF AMERICA, | ) ) | FOR SETTLEMENT. |
| Defendants. | ) ) | |
| SUMNER PECK RANCH, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES BUREAU OF RECLAMATION, et all, | ) ) ) | |
| Defendants. | ) ) | |

    Firebaugh Canal Water District ("Firebaugh") and Central California Irrigation District's ("CCID") move for reconsideration of a portion of the November 19, 2004 order on Federal Defendants' Motion to Dismiss Plaintiffs' Fifth Amended Complaint.  Doc. 949, filed Dec. 1, 2004.  Movants object to a single sentence in the a summary section of the November 19, 2004 order entitled "Status of the Claims in this Case":

1

> Finally, according to representations made by the parties during oral argument on November 1, 2004, the Sixth Claim for declaratory relief as to the District Defendants ***has been*** mooted by a settlement agreement....

Doc. 948, at 42 (emphasis added). Apparently, although negotiations were ongoing at the time of oral argument on the motion to dismiss, no settlement has been achieved between Plaintiffs and the District Defendants. Firebaugh and CCID request that the sentence be revised to read:

> Finally, according to representations made by the parties during oral argument on November 1, 2004, the Sixth Claim for declaratory relief as to the District Defendants ***may be*** mooted by a settlement agreement...

Doc. 949 at 2 (emphasis added). The District Defendants do not explicitly object to this revision, although they maintain that it is unnecessary. Doc. 950 at 3, filed Dec. 9, 2004. Because this suggested edit more accurately reflects the status of ongoing settlement negotiations, Firebaugh & CCID's motion for reconsideration is **GRANTED** only as to this requested change.

Firebaugh and CCID also request inclusion of the following language in the revised opinion:

> As the Court has previously found the District Defendants to be indispensable parties pursuant to Federal Rules of Civil Procedure, Rule 19, Plaintiffs and District Defendants shall submit a settlement agreement for the Court's approval within 90 days, or report on the status of their settlement discussions.

Doc. 949 at 2. The District Defendants specifically object to the language concerning indispensable parties and insist that they are not indispensable parties to the remaining claim in the case brought under the Administrative Procedure Act ("APA"), because the APA affords them a very limited remedy. There is no need at this time to address whether Firebaugh and CCID remain

2

indispensable parties under the APA claim.  Firebaugh and CCID's request for reconsideration is **DENIED** as to the suggested additional language.

The District Defendants do not object to the issuance of an order setting a definite deadline for settlement.  Doc. 950 at 3-4.  Accordingly, a deadline is set below.

## CONCLUSION

For the reasons set forth above, Firebaugh & CCID's motion for reconsideration is **GRANTED IN PART AND DENIED IN PART**:

(1) A revised version of the November 19, 2004 order will be issued, replacing the words "has been" on line 21 with the words "may be."

(2) The suggested language concerning indispensable parties will not be included in the revised November 19, 2004 order.

In addition, the parties are **ORDERED** to submit a settlement agreement within 60 days, or report to the Court on the status of their settlement discussions.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　/S/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　　Oliver W. Wanger
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

3